**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| Chanaira Bass, *on behalf of herself and others similarly situated*, ) ) | |
| ) | Civil Action No.: |
| Plaintiff, ) ) | CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |
| v. ) ) | |
| Americollect, LLC, ) ) | |
| Defendant. ) | |

**Nature of this Action**

1.     Chanaira Bass ("Plaintiff") brings this class action against Americollect, LLC ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.     Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using, or causing to be used, an artificial or prerecorded voice in connection with non-emergency calls it places, or causes to be placed, to telephone numbers assigned to a cellular telephone service, without prior express consent.

**Jurisdiction and Venue**

3.     This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a

1

substantial portion of the events giving rise to this action occurred in this district.

5.    In particular, the subject artificial or prerecorded voice messages were directed to Plaintiff's cellular telephone in this district, and Plaintiff received the subject artificial or prerecorded voice messages in this district.

## Parties

6.    Plaintiff is a natural person who at all relevant times resided in Tampa, Florida.

7.    Defendant is a debt collection company headquartered in Manitowoc, Wisconsin.

## Factual Allegations

8.    Plaintiff is, and has been for four or more years, the regular and sole user of her cellular telephone number—(614) 382-XXXX.

9.    On one occasion sometime in the past three years, Defendant placed a call to telephone number (614) 382-XXXX.

10.    In connection with this call, Defendant delivered a voice message to telephone number (614) 382-XXXX that states:

> Hi, this is Lisa from Americollect. I'm a debt collector, ID number 1865. This is an attempt to collect a debt, and any information obtained will be used for that purpose. You can call us at 855-865-1878, or if you'd prefer, you can text us at 920-717-4451. To live chat with an agent, you can use our secure payment portal at americollectpay.com. Again, I'm a debt collector with Americollect, and can be reached at 855-865-1878. If we have the wrong number, please give us a call and let us know. Thank you.

11. On another occasion sometime in the past three years, Defendant placed a call to telephone number (614) 382-XXXX.

12. In connection with this call, Defendant delivered a voice message to telephone number (614) 382-XXXX that states:

> Hi, this is Lisa from Americollect. I'm a debt collector, ID number 1865. This is an attempt to collect a debt, and any information obtained will be used for that purpose. You can call us at 855-865-1878, or if you'd prefer, you can text us at 920-717-4451. To live chat with an agent, you can use our secure payment portal at americollectpay.com. Again, I'm a debt collector with Americollect, and can be reached at 855-865-1878. If we have the wrong number, please give us a call and let us know. Thank you.

13. The voice messages referenced at paragraphs 10 and 12 are identical.

14. The speech pattern of the voice messages referenced at paragraphs 10 and 12 is consistent with the use of a prerecorded voice.

15. The timing of the voice messages referenced at paragraphs 10 and 12 is consistent with the use of a prerecorded voice.

16. The cadence of the voice messages referenced at paragraphs 10 and 12 is consistent with the use of a prerecorded voice.

17. The inflection of the voice messages referenced at paragraphs 10 and 12 is consistent with the use of a prerecorded voice.

18. On another occasion sometime in the past three years, Defendant placed a call to telephone number (614) 382-XXXX.

19. In connection with this call, Defendant delivered a voice message to telephone number (614) 382-XXXX that states:

Hi, this is Corinne from Americollect. I'm a debt collector, ID number 1855. This is an attempt to collect a debt and any information obtained will be used for that purpose. To live chat with an agent or make a secure payment, you can use our secure payment portal at amcpayonline.com. You can also call us at 855-865-1878 or if you'd prefer, you can text us at 920-717-4451. Again, I'm a debt collector with Americollect and can be reached at 855-865-1878. If we have the wrong number, please give us a call and let us know. Thank you.

20. On another occasion sometime in the past three years, Defendant placed a call to telephone number (614) 382-XXXX.

21. In connection with this call, Defendant delivered a voice message to telephone number (614) 382-XXXX that states:

Hi, this is Corinne from Americollect. I'm a debt collector, ID number 1855. This is an attempt to collect a debt and any information obtained will be used for that purpose. To live chat with an agent or make a secure payment, you can use our secure payment portal at amcpayonline.com. You can also call us at 855-865-1878 or if you'd prefer, you can text us at 920-717-4451. Again, I'm a debt collector with Americollect and can be reached at 855-865-1878. If we have the wrong number, please give us a call and let us know. Thank you.

22. The voice messages referenced at paragraphs 19 and 21 are identical.

23. The speech pattern of the voice messages referenced at paragraphs 19 and 21 is consistent with the use of a prerecorded voice.

24. The timing of the voice messages referenced at paragraphs 19 and 21 is consistent with the use of a prerecorded voice.

25. The cadence of the voice messages referenced at paragraphs 19 and 21 is consistent with the use of a prerecorded voice.

26. The inflection of the voice messages referenced at paragraphs 19 and 21 is consistent with the use of a prerecorded voice.

27. On another occasion sometime in the past three years, Defendant placed a call to telephone number (614) 382-XXXX.

28. In connection with this call, Defendant delivered a voice message to telephone number (614) 382-XXXX that states:

> Hi, this is Lisa from Americollect. I'm a debt collector, ID number 1865. This is an attempt to collect a debt, and any information obtained will be used for that purpose. To live chat with an agent or make a secure payment, you can use our secure payment portal at amcpayonline.com. You can also call us at 855-865-1878, or if you'd prefer, you can text us at 920-717-4451. Again, I'm a debt collector with Americollect, and can be reached at 855-865-1878. If we have the wrong number, please give us a call and let us know. Thank you.

29. The speech pattern of the voice message referenced at paragraph 28 is consistent with the use of a prerecorded voice.

30. On another occasion sometime in the past three years, Defendant placed a call to telephone number (614) 382-XXXX.

31. In connection with this call, Defendant delivered a voice message to telephone number (614) 382-XXXX that states:

> I am a debt collector, ID number 1945, and this is an attempt to collect a debt and any information obtained will be used for that purpose. Please press nine to connect to a live representative. It could be that we

5

have the wrong number or we just need to speak with you. Again, I am a debt collector with Americollect. Press nine to speak to a representative. You can also reach us at 866-862-8289 or chat with us online at amcpayonline.com. You can also use our payment portal anytime at amcpayonline.com. Thanks, and have a great day.

32. The speech pattern of the voice message referenced at paragraph 31 is consistent with the use of a prerecorded voice.

33. On another occasion sometime in the past three years, Defendant placed a call to telephone number (614) 382-XXXX.

34. In connection with this call, Defendant delivered a voice message to telephone number (614) 382-XXXX that states:

Hi, this is Jen from Americollect. I'm a debt collector, ID number 1963. This is an attempt to collect a debt and any information obtained would be used for that purpose. You can call us at 855-865-1878 or if you'd prefer, you can text us at 920-717-4451. To live chat with an agent, you can use our secure payment portal at americollectpay.com. Again, I'm a debt collector with Americollect and can be reached at 855-865-1878. If we have the wrong number, please give us a call and let us know. Thank you.

35. The speech pattern of the voice message referenced at paragraph 34 is consistent with the use of a prerecorded voice.

36. The voice messages referenced at paragraphs 10, 12, 19, 21, 28, 31, and 34 were intended for someone other than and unknown to Plaintiff.

37. When dialed, telephone number (855) 865-1878 connects to Defendant.

38. Plaintiff does not, nor did, have any business relationship with Defendant.

39.    Plaintiff did not provide telephone number (614) 382-XXXX to Defendant.

40.    Defendant did not obtain telephone number (614) 382-XXXX from Plaintiff.

41.    Plaintiff did not give Defendant prior express consent to place calls, in connection with which an artificial or prerecorded voice was used, to telephone number (614) 382-XXXX.

42.    Defendant did not obtain from Plaintiff prior express consent to place calls, in connection with which an artificial or prerecorded voice was used, to telephone number (614) 382-XXXX.

43.    Defendant placed the subject calls to telephone number (614) 382-XXXX voluntarily.

44.    Defendant placed the subject calls to telephone number (614) 382-XXXX under its own free will.

45.    Defendant had knowledge it was using an artificial or prerecorded voice in connection with the subject calls to telephone number (614) 382-XXXX.

46.    Defendant did not place the subject calls to telephone number (614) 382-XXXX for emergency purposes.

47.     Plaintiff suffered actual harm as a result of the subject artificial or prerecorded voice messages in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

**Class Action Allegations**

48.   Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Americollect, LLC placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account in collection with Americollect, LLC, (3) in connection with which Americollect, LLC used an artificial or prerecorded voice, (4) from four years preceding the date of this class action complaint through the date of class certification.

49.     Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

50.     Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

51.     The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

52.     The class is ascertainable because it is defined by reference to objective criteria.

53. In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

54. Plaintiff's claims are typical of the claims of the members of the class.

55. As it did for all members of the class, Defendant placed, or caused to be placed, calls to Plaintiff's cellular telephone number in connection with which it used, or caused to be used, an artificial or prerecorded voice.

56. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

57. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

58. Plaintiff suffered the same injuries as the members of the class.

59. Plaintiff will fairly and adequately protect the interests of the members of the class.

60. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

61. Plaintiff will vigorously pursue the claims of the members of the class.

62. Plaintiff has retained counsel experienced and competent in class action litigation.

63. Plaintiff's counsel will vigorously pursue this matter.

9

64.    Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

65.    The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

66.    Issues of law and fact common to all members of the class are:

   a.  Defendant's conduct, pattern, and practices as they pertain to placing, or causing to be placed, calls in connection with which Defendant uses, or causes to be used, an artificial or prerecorded voice; and

   b.  The availability of statutory penalties.

67.    A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

68.    If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

69.    The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

70.    The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

71. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

72. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

73. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

74. There will be no extraordinary difficulty in the management of this action as a class action.

75. Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

### Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

76. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-75.

77. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to telephone number (614)

382-XXXX and the cellular telephone numbers of the members of the class, without consent.

78.    Defendant willfully violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly using an artificial or prerecorded voice in connection with calls it placed to telephone number (614) 382-XXXX and the cellular telephone numbers of the members of the class, without consent.

79.    As a result, Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place, or cause to be placed, calls to telephone number (614) 382-XXXX, and to the cellular telephone numbers of members

of the class, in connection with which it uses, or causes to be used, an

artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the class damages under 47

U.S.C. § 227(b)(3);

g) Awarding Plaintiff and the members of the class treble damages under

47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and

expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and

post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and

proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial

by jury of any and all triable issues.

Dates: April 9, 2026          */s/ Aaron D. Radbil*
                              Aaron D. Radbil (lead counsel)
                              James L. Davidson
                              Greenwald Davidson Radbil PLLC
                              5550 Glades Road, Suite 500
                              Boca Raton, Florida 33431
                              (561) 826-5477
                              aradbil@gdrlawfirm.com
                              jdavidson@gdrlawfirm.com

Garrett Berg
Garrett Berg Law, P.A.
555 NE 15th St., PH A
Miami, FL 33132
garrett@gberglegal.com

Christopher Gold
Gold Law, P.A.
350 Lincoln Rd. 2nd Floor
Miami Beach, FL 33139
(305) 900-4653
chris@chrisgoldlaw.com

14